# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 09-CR-62

DANIEL ACEVES et. al.,

        Defendants.

## ORDER

On February 27, 2009, this court signed a criminal complaint charging Daniel Aceves ("Aceves") and two others with conspiracy to distribute more than 500 grams of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2. (Docket No. 1.) On March 10, 2009, the grand jury returned a single count indictment alleging the same charges as those set forth in the criminal complaint. (Docket No. 17.) On April 3, 2009, Aceves filed a "motion in limine" to preclude the admission of co-conspirator hearsay statements. (Docket No. 29.) Additionally, Aceves filed a motion to sever his trial from his co-defendants. (Docket No. 31.) Despite this court's pretrial order instructing the government to respond to any pretrial motions no later than April 13, 2009, (Docket No. 24), the government has failed to respond to Aceves' motions.

With respect to Aceves' motion in limine, he requests that the court make a determination of the existence of a conspiracy in advance of admitting any statements of an alleged co-conspirator. Aceves appears to be requesting what in this circuit has come to be commonly referred to as a Santiago hearing, even though his motion does not ask for a pretrial hearing.

Pursuant to Federal Rule of Evidence 801(d)(2)(E), "a statement by a conspirator of a party during the course and in the furtherance of the conspiracy," is not hearsay.

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (see Fed. R. Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy."

United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991) (citing United States v. Santiago, 582 F.2d 1128, 1134-35 (7th Cir. 1978).

The Seventh Circuit has approved various procedures that a trial court may employ in order to make the preliminary determination required by Santiago:

> [1] the evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statement(s) subject to its later determination that, based on all of the evidence admitted at trial, the Government has proved by a preponderance of that evidence all three requisite foundational elements. . . . [2] the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; [3] the court can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); [4] or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statements.

Cox, 923 F.2d at 526. The Seventh Circuit discourages the use of "full blown" hearing as a means to make this determination as "inefficient and potentially duplicative." Id.

In this district, it is the well-established general practice to conditionally admit statements of alleged co-conspirators subject to the government showing that they are admissible in accordance with the Santiago considerations. See, e.g., United States v. Fisher, 2009 U.S. Dist. LEXIS 1809 (E.D. Wis. 2009); United States v. Davis, 2007 U.S. Dist. LEXIS 86742 (E.D. Wis. 2007); United States v. Martinez, 2007 U.S. Dist. LEXIS 32930 (E.D. Wis. 2007); United States v. Arberry, 2007 U.S. Dist. LEXIS 23286 (E.D. Wis. 2007); United States v. Barrera, 2006 U.S. Dist. LEXIS 80433 (E.D. Wis. 2006); United States v. Arnett, 2005 U.S. Dist. LEXIS 46360 (E.D. Wis. 2005). Accordingly, the defendant's motion in limine shall be denied without prejudice.

Turning to Aceves' motion for severance, he contends that severance is necessary because a joint trial might violate his Sixth Amendment right to confrontation and because of the disparity in the evidence against him and his co-defendants. Despite the fact that the government has failed to respond, this court cannot simply grant the defendant's motion, because the relief requested could create an unwarranted inefficiency and unnecessary duplication of effort in processing this case. This court will thus analyze the defendant's motion without the benefit of any input from the government.

Federal Rule of Criminal Procedure 8(b) permits the government to charge two or more defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 permits a court to sever joined defendants and order separate trials if "a consolidation for trial appears to prejudice a defendant." The defendant does not allege that he was improperly joined pursuant to Rule 8(b) but rather seeks relief from prejudicial joinder pursuant to Rule 14.

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.

Zafiro v. United States, 506 U.S. 534, 539 (1993) (internal citations omitted).

A defendant is not entitled to severance simply because he may have a better chance of acquittal if he had a separate trial. Id. at 540. "Rather, [a defendant] 'must establish that he suffered actual prejudice' . . . by establishing that absent the granting of the severance motion, he was unable

3

to obtain a fair trial." United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000) (citations omitted). It is the defendant's burden to demonstrate a strong showing of prejudice. United States v. Moya-Gomez, 860 F.2d 706, 767-68 (7th Cir. 1988).

The risk of prejudice that may result from "evidentiary spillover" is ordinarily slight. United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001). Generally, any risk of prejudice will be eliminated by appropriate limiting jury instructions. Zafiro, 506 U.S. at 539, 541. "Moreover, courts also have a strong interest in favor of joinder of offenses; in particular, joinder of offenses reduces the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials." Stokes, 211 F.3d at 1042. The Seventh Circuit "has long recognized a presumption in favor of conducting a joint trial for persons who have been jointly indicted, especially in situations such as this where the indictment charges a conspiracy." United States v. Caliendo, 910 F.2d 429, 437 (7th Cir. 1990) (citing cases). "[A] simple 'disparity in the evidence' will not suffice to support a motion for severance -- i.e., it does not independently establish 'actual prejudice'." Id. at 438.

Aceves contends that severance is necessary because his co-defendants gave statements implicating him and should a joint trial be conducted in which the statements of his co-defendants are introduced without Aceves being provide an opportunity to cross-examine the co-defendants, this would violate Aceves' Sixth Amendment right to confrontation, as recognized by Bruton v. United States, 391 U.S. 123 (1968). Whether or not any potential Bruton issue that could not be appropriately addressed through redaction would exist is one that depends upon whether or not Aceves' co-defendants shall choose to exercise their right to a trial, and thus this issue cannot be resolved at this time. Therefore, the court shall deny Aceves' motion for severance without prejudice.

As for Aceves' second contention that severance is appropriate because of a disparity in the evidence between him and his co-defendants, Aceves has failed to demonstrate that this disparity in evidence would result in him suffering actual prejudice. Therefore, the court shall deny Aceves' motion for severance on this ground.

**IT IS THEREFORE ORDERED** that Aceves' "Motion in Limine," (Docket No. 29) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Aceves' motion for severance on the basis that a joint trial would violate his Sixth Amendment right to confrontation, (Docket No. 31), is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Aceves' motion for severance on the basis that a disparity of evidence exists between him and his co-defendants, (Docket No. 31), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>14th</u> day of April 2009.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge